IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ANTONIO BERNARD GONZALES,

Petitioner,

v.

LARRY FUCHS,

Respondent.[1]

OPINION AND ORDER

26-cv-527-wmc

Petitioner Antonio Bernard Gonzales, who represents himself, is presently incarcerated by the Wisconsin Department of Corrections at Columbia Correctional Institution. Gonzales has filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254, challenging a state court conviction from Columbia County. Under Rule 4 of the Rules Governing Section 2254 Cases, the court must review and dismiss the petition if it plainly appears that the petitioner is not entitled to relief. Complaints and petitions filed by *pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Even under this lenient standard, the court must dismiss the petition for the reasons explained below.

OPINION

Court records reflect that petitioner was charged with battery by a prisoner in violation of Wis. Stat. § 940.20(1) in *State v. Gonzales*, Columbia County Circuit Court Case No.

[1] Petitioner lists "Columbia Correctional Institution" as the respondent. The court substitutes Warden Larry Fuchs as the proper respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases because he is the state official having custody of petitioner.

25CF216.[2] According to an exhibit provided by petitioner, the charges were based on an incident that occurred at CCI on April 16, 2025, when petitioner kicked a correctional officer in the knee, causing her injury. (Dkt. #1-2.) Petitioner entered a plea of "no contest" on October 3, 2025, and was sentenced to serve 120 days in jail, consecutive to any other sentence he is currently serving. Petitioner now seeks federal habeas corpus review, requesting a sentence of probation instead of jail time.

A state prisoner may seek federal habeas corpus review under 28 U.S.C. § 2254 when challenging the fact or duration of confinement and the petitioner seeks immediate or speedier release from imprisonment. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). In conducting that review, however, "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *see also* 28 U.S.C. § 2254(d)(1) (precluding habeas relief from claims adjudicated on the merits in state court unless resulting in a decision contrary to or involving an unreasonable application of clearly established U.S. Supreme Court precedent). Petitioner does not suggest that his constitutional rights were violated in any way during his underlying criminal proceeding. As a result, he fails to state a plausible claim for which habeas corpus relief may be granted.

The court notes, moreover, that petitioner has not filed an appeal from his conviction in Case No. 25CF216 or from the circuit court's decision to deny his request for post-conviction relief. A federal court may not grant habeas relief from a state court judgment of conviction unless the petitioner "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). Because

---

[2] Courts may take judicial notice of the state court records. *See Patrick v. City of Chicago*, 81 F.4th 730, 734 n.2 (7th Cir. 2023) (state court proceedings are a proper subject of judicial notice).

it does not appear that petitioner has presented a constitutional claim for review in the state courts, his petition must be dismissed without prejudice for this additional reason.

ORDER

IT IS ORDERED that:

1. The federal habeas corpus petition filed by Antonio Bernard Gonzales is DISMISSED without prejudice for failure to state a claim and, alternatively, for failure to exhaust state court remedies.

2. A certificate of appealability is DENIED.

3. The clerk of court shall enter judgment and close this case.

Entered on this 24th day of August, 2026.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge